UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ROY SCOTT, | Case No. 3:16-CV-05791-RJB-JRC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE |
| v. | |
| PACIFIC COUNTY, | |
| Respondent. | |

The instant matter, initially assigned to the Honorable Robert J. Bryan, has been referred for review of Petitioner's habeas petition and associated declaration. Dkt. #6. Petitioner Richard Roy Scott, proceeding *pro se*, initiated this action by filing a document entitled, simply, "Habeas." Dkt. #1. Petitioner is currently under civil commitment at the Special Commitment Center on McNeil Island. *See* Docket. Petitioner is currently under a bar order. *See* April 5, 2005, Bar Order, Case No. 04-5147, Dkt. #170.

Petitioner's initial filing appears to be a petition under habeas corpus, however Petitioner states he "is not in custody as noted, so this is not a 2254." Dkt. #1 at 3. Petitioner also filed a declaration stating, in full, "I filed this Habeas and it was dismissed w/o prejudice." Dkt. #2. Petitioner states that "new evidence surfaced that his alleged CR3 victim was out of state at the time… so the alleged rape could not have occurred." Dkt. #1 at 2. Petitioner

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE - 1

implies that this new evidence surfaced sometime after May 2003 but before he filed a motion to vacate in 2006. *Id.* Petitioner argues that he raised this new evidence before a Pacific County Judge who "refused to hear Scott," then Petitioner went through a lengthy appeals process in state court. *Id*. at 2-3. Petitioner brings this petition "having exhausted his state remedies." *Id*. at 3. The Court notes that it appears that petitioner recently filed a habeas corpus petition in another case raising the same set of facts and legal argument; this petition was dismissed without prejudice on July 28, 2016. *See Scott v. Strong*, Case No. 16-5218-RBL-DWC. Petitioner's previous habeas petition was dismissed because he "did not comply with the Rules Governing Section 2254 Cases" and because he failed to comply with the Court's order allowing Petitioner to correct the deficiencies in his petition. Case No. 16-5218-RBL-DWC, Dkt. #14.

The Court begins by addressing whether Mr. Scott has violated the April 5, 2005, Bar Order. It states, in relevant part:

> (2) In all future cases, the plaintiff shall submit a signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff.

*See* April 5, 2005, Bar Order, Case No. 04-5147, Dkt. #170 at 4. Although Mr. Scott has submitted a signed declaration under penalty of perjury, he has not sworn that "none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." Mr. Scott's declaration is not substantially equivalent. Mr. Scott states merely that he filed this same petition previously and it was dismissed without prejudice. Mr. Scott does not provide any argument why his declaration satisfies the Bar Order, or why he should be able to file a petition that he has already filed once before. The Court concludes that Mr. Scott has not satisfied the terms of his Bar Order.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE - 2

The Court next addresses the habeas petition itself. Mr. Scott fails to demonstrate that this Court has jurisdiction over his claim. Mr. Scott states only "This court has jurisdiction and venue since Scott lives in Pierce County." Dkt. #1 at 1. He specifically states that he is not making a §2254 petition, yet fails to explain under what statute or law he is bringing this petition. Mr. Scott fails to allege a constitutional violation. From what the Court can discern, although Mr. Scott is under civil confinement, he is challenging the basis for his 2001 criminal conviction for which he is no longer in custody. Mr. Scott fails to identify the state court rulings he is referring to, or the date they were decided. Mr. Scott fails to explain why this petition may be brought now, given the substantial amount of time that has passed since his conviction. These deficiencies warrant dismissal. Given the fact that Mr. Scott has previously had substantial opportunity to properly present this habeas petition in Case No. 16-5218-RBL-DWC, and given Mr. Scott's history of litigation in this Court, the April 5, 2005, Bar Order, and Mr. Scott's failure to comply with the Bar Order in this case, the Court will dismiss this case with prejudice.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1)   Petitioner's federal habeas Petition (Dkt. #1) is dismissed with prejudice.

2)   The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Robert J. Bryan.

DATED this 7 day of November 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE - 3